WESTERN ELECTRIC MANUFACTURING CO. v. L. E. CURTIS
ET AL.

(No. 554, Tex. L. J., vol. 3, p. 644.)

APPEAL from Galveston County.   Opinion by WHITE, J.

§ 740. *Usury; innocent purchaser without notice; defective plea of.*   Between the date of the adoption of our constitution [third Tuesday (18th) in April, 1876] and the passage of the usury laws [Gen. Laws 1876, pp. 227, 228, secs. 2 and 3], the promissory note or contract in writing, which is the subject matter of this suit, was executed, on, to wit, the 5th day of July, 1876, as follows:

"$540.                GALVESTON, TEXAS, July 5, 1876.

"One year after date I promise to pay to the order of myself five hundred and forty dollars at the Texas Banking and Ins. Co., with twelve per cent. per annum and. New York exchange, value received.

(Signed)                        "L. E. CURTIS.

"And indorsed, L. E. Curtis, Martin A. Davy, Fr. Schmidt and H. J. Lausen."

Before its maturity, the plaintiffs, in due course of trade, became innocent purchasers, holders and owners of said note, and the obligors failing to pay the same, they brought this suit to recover the amount due upon it. Defendants pleaded under oath that the note was wholly void in law, because it was a usurious contract.   The allegations and proof were, that Curtis, on the 5th of July, 1876, being indebted to Gambwell & Co. $4,500, executed his note for that sum, due one year from date, and bearing interest at twelve per cent. from maturity.   In addition to this latter note the payees required him to execute the note sued on, to secure the interest on the note for $4,500, and that the sole consideration of the note sued on was the interest on the note for $4,500.   At the time the note was executed there was no law denouncing penalties and forfeitures upon usurious contracts, and under

the subsequent law it is expressly provided "that no evidence of usurious interest shall be received on the trial of such cases unless the same be specially pleaded and verified by the affidavit of the party wishing to avail himself of the provisions of this act." [Gen. Laws 15th Leg. p. 228, sec. 3.]

It is true, the answer of defendants in this instance, setting up the usury, is sworn to, but, under the peculiar circumstances alleged, we do not believe the allegations therein contained are sufficient to admit the proof under the statute, because there is no direct, positive allegation that under the contract the defendants were to become responsible or were indeed responsible and liable to pay the twelve per cent. on the $4,500, in case the note for $540, which was for the same interest, was paid at maturity. The answer should have negatived by positive averment the idea that the $540 note was executed in lieu and full satisfaction of the interest stipulated for in the $4,500 note. Or if defendant Curtis had paid the twelve per cent. interest on the $4,500 note, he should have set up that fact. The fact that he has not pleaded such payment is *prima facie* evidence that he has not paid it, and renders it essential that he should allege and prove his liability still to pay it, before he can be heard to ask that another and different obligation to pay it shall be declared null and void. The note for $540 was a negotiable instrument, *prima facie* valid, and was acquired by plaintiffs *bona fide* for valuable consideration before maturity, and without notice of any defects. If their right to recover could be defeated at all, we imagine that equity would only permit it upon strict allegation and proof that defendant had already paid the consideration for which it was executed, or that he was liable for the same. We are of opinion, however, that if the plaintiffs could and did establish that they were purchasers for value before maturity, then, under presumption of law that they were purchasers without notice, no such defense as "usurious

contract " could defeat their right to a recovery upon the note; on the contrary, they would be entitled to their judgment.

March 20, 1880.                    Reversed and remanded.